In The United States District Court
For The District of Massachusetts
Boston Division

David Wattleton,
  Plaintiff,

v.s.

Mr. Lison, Correctional Officer,
Federal Bureau of Prisons,
  Defendant.

05-40088 RGS

Civil Rights Complaint
Pursuant to 42 U.S.C. § 1983

COMES NOW, the plaintiff, David Wattleton, through pro se, hereby files this pleading in the district court pursuant to 42 USC § 1983 civil rights action against Mr. Lison, Institutional Corrections Officer at the Federal Medical Center - Devens in Ayer, Massachusetts alleging that Officer Lison violated his constitutional rights by issuing a series of incident reports in retaliation for his complaints to prison authorities regarding defendant's conduct.

Argument

On or about Saturday, May 14, 2005, the defendant conducted a search of the plaintiff's personal locker and seized a plastic bottle containing hair oil. When the plaintiff confronted the defendant about the reason for confiscating his hair oil the defendant began accussing him of cutting a hole in a prison garment and issued the plaintiff an incident report for destroying government property.

On or about Tuesday, May 17, 2005, the plaintiff submitted an attempt at informal resolution (BP-8.5) to Mr. Bonilla, the institutional counselor requesting that his hair oil be returned or that the plaintiff be reimbursed in the amount of $2.95 for the seizure of his belongings.

The plaintiff believes that he is being harassed and singled out by Officer Lison in retaliation against him for complaining and filing grievances and lawsuits against prison officials about their failures and mistreatment.

Because the plaintiff is alleging retaliation he need not exhaust his administrative remedies See, Lawrence v Goord, 238 F.3d 182, 186 (2nd Cir. 2001) Also, the plaintiff's claim must be measured against the professional judgment standard established by the Supreme Court in Youngberg v Romeo, 457 U.S. 307 (1982)

Therefore, for the aforementioned reasons the plaintiff believes that defendant has deprived him of his right under the Fourteenth Amendment by harassing and falsely accusing him of prison misconduct. He asserts that the decision to harass him and falsely accuse him of misbehaviour was not based on the exercise of professional judgment.

Respectfully submitted,

David Walle