```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

DAVID WATTLETON,                  )
                                  )
        Plaintiff,                )
                                  )
        v.                        )   C.A. No. 05-40088-RGS
                                  )
MR. LISON, Corrections            )
Officer, Federal Bureau of        )
Prisons,                          )
                                  )
        Defendant.                )
```

ORDER ON APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES

For the reasons stated below, the Court denies without prejudice the plaintiff's application to proceed without prepayment of the filing fee.

BACKGROUND

Plaintiff David Wattleton is currently in custody at FMC Devens in Ayer, Massachusetts. He was civilly committed in 2000 after being acquitted by reason of insanity of making telephonic bomb threats. See United States v. Wattleton, 110 F. Supp. 2d 1380 (N.D. Ga. 2000), aff'd, 296 F.3d 1184 (11th Cir. 2002).

On June 1, 2005, Wattleton filed the complaint in this matter as well as a hand-drafted application to proceed in forma pauperis under 28 U.S.C. § 1915(a)(i). In his complaint, Wattleton alleges that "Mr. Lison," a correctional officer at FMC Devens, violated Wattleton's rights under the Fourteenth Amendment "by issuing a series of incident reports in retaliation for [Wattleton's] complaints to prison authorities regarding defendant's conduct." Compl. at 1. In his application to proceed without prepayment of the filing fee, Wattleton does not

provide any information concerning his income, assets, or liabilities. He simply states that he is not "subject to the detailed inmate-account procedures of [28 U.S.C.] § 1915."

DISCUSSION

I.  Information Required in an
    Application to Proceed In Forma Pauperis

A litigant filing a complaint in this Court must either (1) pay the $250.00 filing fee for such actions or (2) file an application to proceed in forma pauperis. See 28 U.S.C. § 1914 ($250.00 filing fee); § 1915 (proceedings in forma pauperis). The federal in forma pauperis statute, 28 U.S.C. § 1915, permits federal courts to authorize the commencement of a lawsuit without prepayment of the filing fee "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security." 28 U.S.C. § 1915(a)(1). Despite the statute's use of the phrase "such prisoner" the affidavit requirement applies to all persons requesting leave to proceed in forma pauperis. See Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); Haynes v. Scott, 116 F.3d 137, 139-40 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997), abrogated in part by statute on other grounds, see Callihan v. Schneider 178 F.3d 800, 803 (6th Cir. 1999); Fridman v. City of New York, 195 F. Supp. 2d 534, 536

n.1 (S.D.N.Y. 2002).[1] Where the plaintiff is a "prisoner," as defined in 28 U.S.C. § 1915(h), an application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. See 28 U.S.C. § 1915(a)(2).

For the convenience of litigants, this Court provides a standardized form entitled "Application to Proceed Without Prepayment of Fees and Affidavit" for such applications. Consistent with the § 1915(a)(1), this form requires the applicant to sign under penalty of perjury that the information therein is true and correct.

II. Wattleton's Failure to Comply with § 1915(a)(1)

Wattleton is correct in stating that civilly committed patients are not "prisoners" within the meaning of 28 U.S.C. § 1915(h). See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001); Trouville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000); King v. Greenblatt, 53 F. Supp. 2d 117, 138 (D. Mass. 1999). The Court therefore agrees with Wattleton that he is not required to submit the certified prison account statement required of prisoners under 28 U.S.C. § 1915(a)(2).

---

[1] The use of the word "prisoner" in 28 U.S.C. 1915(a)(1) appears to be a typographical error . See In re Perry v. Secretary of Hous. & Urban Dev., 223 B.R. 167, 169 n.2 (8th Cir. 1998); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996); 1 James Wm. Moore, et al., Moore's Federal Practice § 4.40[1] (3d ed. 2000).

Nonetheless, Wattleton's application to proceed without prepayment of the filing fee must meet the requirements of § 1915(a)(1). Here, his application is completely devoid of the information required under that statute. By failing to provide any information about his personal finances, Wattleton has not complied with the requirement to "submit[] an affidavit that includes a statement of all assets [he] possesses that [he] is unable to pay such fees or give security." 28 U.S.C. § 1915(a)(1).

The Court will give Wattleton additional time to either comply with the requirements of § 1915(a)(1) or pay the $250.00 filing fee. If Wattleton chooses to file another motion to proceed in forma pauperis, he must use the aforementioned standard application. He must also treat his trust fund account at FMC Devens as cash or a savings account when responding to question number four on the application. In addition, Wattleton must identify the source of any income he has received in the past year, including the source of deposits to his FMC Devens trust fund account.

If Wattleton does not pay the filing fee or submit a new application to proceed in forma pauperis that complies with the above instructions within forty-two days of the date of this order, this case will be dismissed without prejudice for failure to pay the filing fee.

## CONCLUSION

Accordingly, the Court denies without prejudice Wattleton's

motion to proceed in forma pauperis.  If Wattleton chooses to proceed with prosecution of this case, he must, within forty-two (42) days of the date of this order, (1) pay the filing fee; or (2) file a new application for waiver of the filing fee, use the standard application provided by the Court, submit all of the information requested therein, and sign the application under pains of perjury.

    The Clerk shall provide an application to proceed in forma pauperis to the plaintiff.

SO ORDERED.

June 17, 2005                              /s/ Richard G. Stearns
DATE                                        UNITED STATES DISTRICT JUDGE